UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| ANGELOS KOLOBOTOS, an individual, | No. 2:18-cv-3077 WBS KJN |
| Plaintiff, | |
| v. | MEMORANDUM AND ORDER RE: MOTION TO DISMISS |
| DITECH FINANCIAL LLC; QUALITY LOAN SERVICE CORPORATION; and DOES 1 through 20, inclusive, | |
| Defendants. | |

----oo0oo----

Plaintiff Angelos Kolobotos brought this action against defendants Ditech Financial LLC ("Ditech") and Quality Loan Service Corporation ("Quality"), asserting various claims under state law relating to the foreclosure of his property. Before the court is defendant Ditech's Motion to Dismiss plaintiff's complaint. (Docket No. 5.) Plaintiff has not responded.[1]

---

[1] On the court's own motion and pursuant to Local Rule 230(g), the court decides the motion without oral argument. See

1

According to the complaint, on or about August 19, 2005, Zachary Barone and Brooke Barone borrowed $182,412 from Pinnacle Capital Mortgage LLC to secure the purchase of the property at issue in this lawsuit ("the subject property"). (See Compl., Ex. A (Docket No. 1-1).) The loan was secured by a deed of trust recorded against the subject property. (Id.) The original beneficiary of the deed of trust, Mortgage Electronic Registration Systems, Inc., later assigned the mortgage to Ditech.[2] (See id., Ex. D.) On November 5, 2015, the Barones quitclaimed any interest they had in the subject property to Ryan Nickel. (See id., Ex. B.) Shortly thereafter, Ryan Nickel and Kersina Nickel sold the property by warranty deed to plaintiff for only $10. (Id., Ex. C.) The Barones eventually defaulted on the loan and foreclosure proceedings began in 2018. A notice of default was recorded on June 5, 2018 and a notice of trustee's sale was recorded on September 25, 2018. (Id., Exs. G & H.)

Plaintiff filed this lawsuit on October 19, 2018 in Sacramento County Superior Court. (Id.) Ditech removed the action to this court on November 28, 2018. (Docket No. 1.) Plaintiff claims that after he purchased the property he could not make timely mortgage payments due to a personal financial hardship.[3] (Compl. ¶ 17.) Regardless, he alleges that the

---

also Local Rule 230(a) ("No party will be entitled to be heard in opposition to a motion at oral arguments if opposition to the motion has not been timely filed by that party.").

[2] Ditech has since substituted Quality as the trustee under the deed of trust. (See id., Ex. E.)

[3] There is no allegation of how the financial arrangement related to the mortgage changed after transfer of the subject

2

decision by defendants to undertake a non-judicial foreclosure to sell the subject property was wrongful and a breach of the deed of trust. (Id. ¶ 20.) Plaintiff further alleges that defendants have abused their rights as lenders, engaged in unfair business practices, and have breached their fiduciary duties to him. (Id. ¶ 20.) Plaintiff alleges the following claims: (1) breach of contract; (2) breach of the implied covenant of good faith and fair dealing; (3) negligence; (4) negligent infliction of emotional distress; (5) violation of California Civil Code § 2937; (6) violation of California Unfair Competition Law, California Business and Professions Code §§ 17200, et seq.; and (7) accounting. (Id.) Notwithstanding the filing of the motion to dismiss, plaintiff has not filed an opposition or responded in any way.

On a Rule 12(b)(6) motion, the inquiry before the court is whether, accepting the allegations in the complaint as true and drawing all reasonable inferences in the plaintiff's favor, the plaintiff has stated a claim to relief that is plausible on its face. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. A complaint that offers mere "labels and conclusions" will not survive a motion to dismiss.

---

property.

<u>Id.</u> (internal quotation marks and citations omitted).

The court finds that plaintiff has not adequately alleged any claims against Ditech. Every single one of plaintiff's claims presumes the existence of a legal relationship between Ditech and plaintiff. Plaintiff, however, is not a borrower on the loan and has not put forth any well-pled allegations that can otherwise avail him of protections in the deed of trust. For instance, plaintiff's complaint does not contain any allegation that he assumed the obligations of the mortgage. The fact that plaintiff subsequently acquired the property via a warranty deed and allegedly made payments on the loan does not mean that he is now an obligor. See <u>Aldana v. Bank of Am., N.A.</u>, No. CV 14-7489-GHK FFMX, 2014 WL 6750276, at *6 (C.D. Cal. Nov. 26, 2014) (reaching the same conclusion). Because plaintiff's complaint fails to plausibly allege the existence of a legal relationship as to this defendant, the court will grant Ditech's motion to dismiss.

IT IS THEREFORE ORDERED that Ditech's Motion to Dismiss plaintiff's complaint (Docket No. 5) be, and the same hereby is, GRANTED, and the complaint is hereby DISMISSED as to this defendant only.

Dated: January 16, 2019

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE